**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In Re: Subpoena Issued to J. Gerard Stranch, IV, Esq. | § | No. ______________________________ |
| | § | *Issuing Court*: UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA No. 2:24-cv-04221-CFK |

---

**MOTION TO QUASH SUBPOENA ISSUED TO**
**J. GERARD STRANCH, IV, ESQ.**

---

Pursuant to Fed. R. Civ. P. 45(d)(3), Subpoenaed Party J. Gerard Stranch, IV, Esq. ("Stranch"), respectfully moves to quash a subpoena issued from the U.S. District Court for the Eastern District of Pennsylvania, at the request of Johanna Cipau, Esq., attorney for Gemini Insurance Company ("Gemini") in the above-captioned issuing court. Because this court is the place for compliance, this Motion is brought as a miscellaneous action in the Middle District of Tennessee. Fed. R. Civ. P. 45(d)(3)(A).

This is a Hail Mary subpoena filed on the eve of the close of discovery in the issuing court that was improperly served and is overbroad and harassing in any event. Pursuant to Local Rule 37.01(a), Stranch certifies that he conferred with counsel for Gemini and advised that he was unavailable on *seven days' notice* to sit for a deposition. The Motion to Quash should be granted.

It is not the Subpoenaed Party's fault that counsel waited until the witching hour to serve this subpoena.

**FACTUAL & PROCEDURAL BACKGROUND**

There is a reason that subpoenas to attorneys are disfavored. *See, e.g.*, *In re Grand Jury*, 194 F.R.D. 384, 387 (D. Mass. 2000) (grand jury context); *New Falls Corp. v. Soni*, No. 16-CV-06805-HGLGD, 2022 WL 17811448, at *6 (E.D.N.Y. Dec. 19, 2022) (noting the "tsunami of extensive motion practice regarding attorney-client privilege issues" that would result from non-party subpoenas issued late in the game to attorneys). Here, the issuing court directed on May 19, 2026, that all fact discovery must be completed by August 19, 2026. *See Dundon v. Ace Property and Casualty Insurance Co.*, Case No. 2:24-cv-04221-CFK, D.E. 445 (E.D. Penn. May 19, 2026). As counsel for Gemini represents in its motion to extend discovery in the issuing court, counsel for Gemini waited until the very end of its discovery period to seek Mr. Stranch's testimony. Case No. 2:24-cv-04221-CFK, D.E. 499 at ¶ 13.

The subpoena itself was brought to Mr. Stranch's office on August 12, 2026. Exhibit A (subpoena). Mr. Stranch was not present in the office, and the process server gave the subpoena to the receptionist. Schedule A to the subpoena also requests that Mr. Stranch testify on a vast array of topics related to his involvement with the national prescription opioid litigation, including the claims and causes of action asserted. Counsel for Gemini also requests information regarding the negotiations of the settlement in that litigation and numerous other documents. Much of this information is public record. Much of this information could come from numerous other sources rather than an involved attorney. And further, much of this information is likely subject to numerous work product, attorney-client protections and/or protective orders in the underlying

litigation. Mr. Stranch is also unavailable on August 19 because he has a scheduled court appearance in Jackson, Tennessee in the *In re: AMEC* litigation for a motion hearing.

**ARGUMENT**

First and foremost – Rule 45 requires a subpoena be served on the person to whom the subpoena is directed. Fed. R. Civ. P. 45(b)(1). "Serving a subpoena requires delivering a copy to the named person[.]" *Id.* Here, Mr. Stranch was not properly served – the process server employed by counsel for Gemini merely visited the office where Mr. Stranch operates his law firm.[1] Courts routinely quash subpoenas for improper service, and that alone should suffice to dispose of this ill-conceived fishing expedition. *Williams v. Duke Energy Int'l, Inc.*, No. 1:08-CV-46, 2008 WL 11318109, at *4 (S.D. Ohio Aug. 6, 2008) ("Courts have quashed non-party subpoenas because of improper service."); *see also Rahaman v. State Farm Mut. Ins. Co.*, No. 22-10635, 2023 WL 36061, at *3 (E.D. Mich. Jan. 4, 2023) (noting rule).

Second – Rule 45 expressly protects witnesses subject to a subpoena that "fails to allow a reasonable time to comply[.]" Fed. R. Civ. P. 45(d)(3)(A)(i). The language of Rule 45 in this

[1] This has followed a pattern. In June 2026, Counsel sent a subpoena duces tecum to Mr. Stranch by email but did not formally serve it. Mr. Stranch met and conferred with counsel for Gemini. During these conferrals, counsel for Gemini told Mr. Stranch that what they needed was the allocation of settlement funds in the underlying litigation between Baby Doe and certain governmental entities. Mr. Stranch informed counsel that if served properly, he would not be moving documents out of archived status to run searches through them for the responsive documents that were publicly available. Mr. Stranch also walked counsel through various methods to retrieve the information that were less intrusive than the subpoena duces tecum. This process was completed both in a meet and confer and in writing. Mr. Stranch has since learned that counsel for Gemini in fact received the information from an open records request. Counsel for Gemini has falsely represented in a motion to extend the discovery window in the underlying litigation that Mr. Stranch has "ignored additional attempts to obtain his compliance." In a discussion over this on August 12, 2026, counsel for the insurers acknowledged that Mr. Stranch did respond and that he did identify the publicly available source of the main information that they wanted and that they were able to obtain the information without Mr. Stranch or his firm having to expend tens of thousands of dollars searching for documents.

section is directive – the court where compliance is required "must quash or modify" such a subpoena. Less than a week is not a sufficient amount of time to comply, especially for a witness that himself has a busy trial and motion practice schedule. This subpoena also raises significant concerns about "disclosure of privileged matter" because it expressly relates to counsel's involvement in another lawsuit. Fed. R. Civ. P. 45(d)(3)(A)(iii). By definition, such a burden is undue, because this subpoena was issued at the tail end of another case's discovery period and pertains to disclosure of potentially privileged information. Fed. R. Civ. P. 45(d)(3)(A)(iv).

Third – deposing attorneys to testify as to their involvement in another case implicates the so-called *Shelton* rule, which addresses when attorneys on the other side of litigation can be deposed. *Alomari v. Ohio Dep't of Pub. Safety*, 626 F. App'x 558, 574 (6th Cir. 2015) ("[T]he possession of certain documents may be integrally tied to the litigation process."). This dispute utterly fails the *Shelton* requirements that there is no other means to obtain information, the information sought is both relevant and non-privileged, and that the information is crucial to the case. *See also generally Sheet Metal Workers' Health & Welfare Fund of N. Carolina v. Stromberg Metal Works, Inc.*, No. 3:19-0976, 2020 WL 12918326, at *4 (M.D. Tenn. Oct. 27, 2020). Finally, Mr. Stranch was informed that the main purpose of the deposition was to authenticate a document that was received from a publicly available source. Mr. Stranch offered to submit an affidavit that would serve that purpose – once the document was sent to him so that he could review it and determine whether it was authentic and created by his firm. So far, this has been rejected and the subpoena was dropped off with the receptionist at his office who was not authorized to accept service for Mr. Stranch.

Fourth and finally – the scope of this subpoena is wholly unclear. The subpoena is directed on page one to a person – Mr. Stranch. But the Definitions section defines the subpoenaed party

not only as Mr. Stranch, but as the firm itself and any "owners, managers, affiliated, employees, agents, and any other person acting" for Mr. Stranch or the firm. Further, the subpoena appears to contain topics similar to a 30(b)6 deposition. This is grossly overbroad. There is no case law that permits the service of a subpoena upon a receptionist at a large employer for one of the principals of the firm. And of course, there are far less intrusive and disruptive methods of getting information and authenticating a document.

**CONCLUSION**

This subpoena must be quashed.

Dated: August 13, 2026

Respectfully submitted:

*<u>/s/ J. Gerard Stranch, IV</u>*
J. Gerard Stranch, IV (BPR 23045)
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, I electronically filed the foregoing Motion To Quash with the Clerk of Middle District of Tennessee Court using the CM/ECF system, and sent a copy via electronic delivery to the following parties in the underlying case *Dundon, as Trustee of the Endo General Unsecured Creditors' Trust v. ACE Property and Casualty Insurance Company, et al.,* Case No. 2:24-cv-04221-CFK pending in the Eastern District of Pennsylvania:

Johanna Cipau, FL Bar 89319
Johanna.Cipau@clydeco.us
Clyde & Co US, LLP
1221 Brickell Avenue, Ste. 1600
Miami, FL 33131
Tel: 305-446-2646

*Attorneys for Gemini Insurance Co.*

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV