IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Case No. 3:26-mc-00014** |
| **SUBPOENA ISSUED TO J. GERARD STRANCH, IV, ESQ.** | ) | |
| | ) | **District Judge Waverly D. Crenshaw, Jr.** |
| | ) | **Magistrate Judge Lynda M. Hill** |
| | ) | |

**O R D E R**

Pending before the Court is subpoenaed-party J. Gerard Stranch, IV's ("Stranch") "Motion to Quash Subpoena Issued to J. Gerard Stranch, IV, Esq." (Doc. No. 1), The motion was filed on August 13, 2026, then referred to the undersigned for disposition on August 14, 2026. (Docket No. 3).

In short, Stranch received a subpoena issued from the U.S. District Court for the Eastern District of Pennsylvania, at the request of Johanna Cipau, Esq., attorney for Gemini Insurance Company ("Gemini"). *See Dundon v. Ace Property and Casualty Ins. Co.*, Case No. 2:24-cv-04221-CFK (E.D. Penn.). The subpoena was delivered by process server to Stranch's office and received by the receptionist on August 12, 2026. (Doc. No. 1 at PageID #: 2). The subpoena directs Stranch to appear for deposition on "August 19, 2026 at 9:30 a.m. EST." (Doc. No. 1-1 at PageID #: 2). The scope of the deposition is set forth on Schedule A to the subpoena and includes:

1. Communications between you and Endo's counsel concerning the Settlement Agreement.

2. Communications with Endo's counsel regarding settlement of the Underlying Lawsuit including negotiation of the amount, sanctions orders, allocation of settlement amount among the named Plaintiffs, and any other agreements.

3. The allocation of the Settlement Agreement amounts between the Plaintiffs to the Underlying Lawsuit.

4. The claims and causes of action asserted in the complaints you filed in the Underlying Lawsuit.

5. Correspondence sent by you to the Plaintiffs and/or Endo's counsel related to the Underlying Lawsuit.

(Doc. No. 1-1 at PageID #: 13).

Among other things, Stranch contends that the subpoena was improperly served and fails to allow a reasonable time for compliance. (Doc. No. 1 at PageID #: 3). He also argues that the subpoena is overbroad and harassing. (*Id.* at PageID #: 1). Stranch certifies that he conferred with counsel for Gemini regarding his availability to sit for a deposition within the notice period provided. *Id.*

The following is **ORDERED**:

1. Enforcement of the subpoena at issue in the motion to quash (Doc No. 1-1) is **SUSPENDED** pending entry of an order fully resolving the motion.

2. Stranch is relieved of his duty to comply with the subpoena until and unless the Court orders otherwise.

3. Gemini must file a response to the motion (Doc. No. 1), by no later than **Tuesday, August 18, 2026**. Gemini's response shall not exceed ten (10) pages.

4. Stranch may file an optional reply by no later than **Wednesday, August 19, 2026**. Stranch's optional reply shall not exceed three (3) pages.

5. Stranch shall promptly serve a copy of this Order upon counsel for Gemini.

It is SO ORDERED.

Lynda M. Hill

LYNDA M. HILL
United States Magistrate Judge